## BLAIR & CO. *v.* MARSH *et al.*

Where the vendor of real estate, to which he retains the legal title, and for which he has executed a bond for a deed, assigns a promissory note, received in consideration of the sale of said land, and agrees that the assignee shall be substituted to the benefit of all security held by him, the assignee of the note, upon its non-payment, is entitled to the same rights as the vendor himself; and he may file a bill in his own name, against the vendee, and all persons claiming under him, with notice, for a foreclosure and sale of the premises.

In such a case, the vendee is to be regarded as a mortgagor; and he and those claiming under him, with notice, cannot raise the objection that the complainant is a mere assignee, and that the relation of vendor and vendee does not exist between them.

Bill of foreclosure, alleging that in May, 1857, the defendant, L., sold to his co-defendant, M , certain lots in the town of Mount Pleasant, at the price of $3,000 ; that one-half of the purchase money was paid, and for the remainder, M. executed his two promissory notes for $750 each, payable January 1, and March 1, 1858 ; that it was agreed that L. should retain the title of the lots until the notes were paid, and give to M. a title bond for a conveyance, on the payment of the balance of the purchase money ; that on the payment of the $1500, and the execution of the notes, M. was put in possession of the lots; that M., being indebted to B. O. & Co., for money borrowed, as collateral security for the payment of the same, assigned to them the title bond of L.; that before the second note became due, the complainant purchased and took an assignment of the same from L., without recourse, and looking solely to said lots as the security for the payment of the same ; that it was then agreed between them that the complainant should succeed to the benefit of all the security held by L. for the payment of the same ; that the note is due and unpaid ; and that M. is wholly insolvent. The bill makes L., M. and B. & Co. parties, and prays that M. may be required to perform his agreement with L.; that, in default thereof, all the interest of M. and B. O. & Co. in the lots may be foreclosed, and sold to satisfy his claim ; and that on the payment of the same, L. may be required to convey the lots to the purchaser. Demurrer to the bill by M. and B. O. & Co., for the reason that complaint was a mere assignee of L., and that the relation of vendor and vendee did not exist between complainant and themselves, which was sustained; *Held,* 1. That the right of L. to foreclose against M. for non-payment of the note, was a quality incident to the debt, which passed by the assignment of the note, and the agreement between L. and the complainant; 2. That the complainant possessed the rights of L., and could foreclose in the same manner, in his own name; and 3. That the court erred in sustaining the demurrer.

*Appeal from the Henry District Court.*

FRIDAY, APRIL 8.

THE bill in this case alleges, that in May, 1857, the defendant, Lee, sold his co-defendant, Marsh, certain lots in the town of Mount Pleasant, at the price of $3,000; that one-half the purchase money was paid, and for the remainder, Marsh executed his two promissory notes for $750 each, payable January 1st and March 1, 1858; that it was agreed that Lee should retain the title to the lots, until the notes were paid, and give to Marsh a title bond, for a conveyance, on the payment of the balance of the purchase money; that on the payment of the $1,500, and the execution of the notes, Marsh was put in possession of the lots; that Marsh, being indebted to Barclay, Ogg & Co., for money borrowed, as collateral security for the payment of the same, assigned to them the title bond of Lee; that before the second note became due, the complainant purchased, and took an assignment of the same, from Lee, without recourse on Lee, and looking solely to said lots as the security for the payment of the same; that the note is due and unpaid, and that said Marsh is wholly insolvent, and complainant, having no other recourse, prays the court that Marsh may be required to perform his said agreement with Lee; that in default thereof, all the interest of said Marsh, and Barclay, Ogg & Co., in the lots, may be foreclosed, and sold to satisfy the claim of complainant; and that on the payment of the same, the said Lee be required to convey the said lots to the purchasers.

There was a demurrer to this bill by the defendants, Marsh, and Barclay, Ogg & Co. The demurrer was sustained by the court, and the bill dismissed.

*Ambler & Woolson,* for the appellant.

No appearance for the appellee.

STOCKTON, J.—It is averred in complainant's bill, that it was the agreement between Lee and himself, at the time the note was assigned to him, that he should take it without recourse upon Lee, in case of non-payment by Marsh, but that, in such event, he should succeed to the benefit of all the security held by Lee, for the payment of the same.

This security held by Lee, and by him assigned to complainant, must be understood to include such as is given by the statute, (Code, secs. 2094-5), to the vendor of real estate, when part, or all, of the purchase money remains unpaid after the day fixed for payment, whether time is or is not of the essence of the contract, to file his bill against the vendee, praying the court to require him to perform his contract, or in default thereof, to foreclose and sell his interest in the property.

Courts of equity, where the title has passed to the vendee, will enforce the lien of the vendor for the unpaid purchase money, against the vendee and his heirs, and other privies in estate, as well as against all subsequent purchasers, having notice that the purchase money remains unpaid. Much more readily will this relief be granted, where the title still remains in the vendor, who has given only a title bond for a conveyance, on the payment of the purchase money.

When the day fixed for payment is passed, and the money is not paid, the vendor may, in equity, call upon the vendee to perform his contract; and in case of his failure to pay the money, he may have a decree for the rescission of the contract, or for the foreclosure of the vendee's right in the premises, and for a sale of the same, to satisfy the unpaid purchase money. Under the statute, the vendee for the purpose of foreclosure, is treated as the mortgagor of the property, and his rights may be foreclosed in the same manner.

As the assignees of the promissory note for the purchase money remaining unpaid, and by virtue of the agreement with Lee, that they should be substituted to the benefit of all security held by him for its payment, the complainants were entitled to the relief prayed for in their bill, against

the defendants Marsh, and Barclay, Ogg & Co.   These defendants are not entitled to interpose the objection, made by the demurrer to the complainant's prayer for relief, that the complainants are mere assignees of Lee, and that the relation of vendor and vendee did not exist between the complainants and themselves.

By virtue of the statute, they are to be treated, for all the purposes of this suit, as mortgagors, and their rights as such may be foreclosed and sold.

By the assignment of the note, all the right of Lee, to foreclose against Marsh, passed to complainants, and they may maintain the action in their own name.   The right of Lee to foreclose against Marsh, for non-payment, was a quality incident to the debt, which passed by his assignment, and by virtue of his agreement, to complainants, in analogy to the principle of equity, by which the assignor of a bond and mortgage has been held to be security for its payment, in such a sense, that any collateral security held by him for the payment of the debt, will enure to the benefit of the assignee of the bond and mortgage.   *Crow, McCraney & Co.* v. *Vance*, 4 Iowa, 434 ;   *Curtis* v. *Tyler*, 6 Paige, 431.

Lee, on the non-payment of the note by Marsh, (to say nothing of his right for such non-payment, to rescind the contract, and pay back the money received,) was entitled to a decree against Marsh, for a specific execution of his agreement; and, in default of payment, to a decree of foreclosure of his right in the property, and for the sale of the same to pay the balance of the purchase money.   The complainants are entitled to the same rights; and it may be enforced by them, as though they were the holders, by assignment from Lee, of the promissory note of Marsh for the purchase money, secured by mortgage on the premises.

Barclay, Ogg & Co. are charged to be purchasers, with notice.   If they were the purchasers of the title bond only, in good faith, for a good consideration, and without notice of complainants' rights, they were the purchasers of an equity only, which they must yield to the rights of Lee, as the

holder of the legal title, and to those of complainants assert-
ed under Lee. But they were informed, by the terms of
the bond assigned to them, that two notes were executed by
Marsh for the unpaid purchase money, and that until these
were paid, no conveyance was to be made by Lee. This
was sufficient to put them on inquiry. They are not, there-
fore, innocent purchasers, any more than they are holders
of the legal title.

The objections made upon the demurrer, we have consid-
ered as made by the vendee and those holding under him.
Coming from them, we consider them insufficient, and the
demurrer should have been overruled.

We will, of course, not be considered as deciding any
question as to the right of Lee, the vendor, to rescind *in
toto* his contract with Marsh, by reason of the non-payment
of the purchase money; nor as to his right to object, in
any proper manner, to the relief prayed by complainants.
Lee was not a party to the demurrer put in by the other
defendants, and no question affecting his rights arose upon
the same. We have considered only whether the objec-
tion made, could be rightfully interposed by Marsh, and
Barclay, Ogg & Co.

The judgment of the district court upon the demurrer,
will be reversed, and the cause remanded for further pro·
ceedings in conformity with this opinion.

Judgment reversed.