## MULLIN v. BLOOMER.

1. RESCISION OF CONTRACT.  A contract for the conveyance of real estate

cannot be rescinded by the vendee without the performance of some act which will give the vendor notice of his intention and put him upon his guard.

2. LAND: DEFECT IN TITLE. *Semble*, that the inability of a vendor in a contract for the conveyance of real estate to convey a perfect title at the time fixed for the performance of the contract, may constitute a sufficient ground for the rescision of the contract by the vendee.

3. SAME: DEPRECIATION. When the performance of a contract for the conveyance of real estate is delayed by reason of the vendor's inability to perform on his part, the vendee will be entitled to compensation for the depreciation in the value of such property during the delay. *Aliter* when the delay does not arise from that cause.

4. FORECLOSURE OF A BOND. A bond for the conveyance of real estate, may, whether time is or is not the essence of the contract, be foreclosed as a mortgage, and for that purpose the obligee in the bond will be considered a mortgagor.

*Appeal from Pottawattamie District Court.*

TUESDAY, DECEMBER 25.

COMPLAINANT states, that on the 14th day of February, 1857 he sold to respondent eighteen lots in Everett's addition to the town of Council Bluffs, and made him a deed for the same; that at the same time he sold him nineteen other lots and gave him a bond to convey upon the terms therein stated, that part of the consideration of said sale was a promissory note made by respondent to him, or order of that date, due on the first day of July, of the same year; that on the 13th day of July, 1859, he tendered to respondent a deed for nineteen lots and demanded payment of the note. The bond attached recites the sale and a covenant to convey "on condition of said Bloomer paying a certain promissory note (reciting the one above referred to), said deed to be executed upon the payment of said note on that day." The prayer is that respondent may be required to comply with his undertaking; that his interest in the lots be foreclosed and sold to pay the note and for judgment, etc. Respondent answering admits the execution of the note and bond as stated, but denies the purchase of the eighteen lots referred to, or that

they formed any part of the consideration of the note. It is denied that a deed was tendered on the first day of July 1857, or at any time other than as stated by complainant. He disclaims all interest in the lots; says he has done so ever since complainant failed to convey them as required by the condition of his bond; that he brings said bond into court and surrenders up, as he offered to do to complainant or his attorney before the commencement of this suit; that on the 13th day of July 1859, said lots had greatly depreciated in value, so much so that they were worth but about five per cent of their value at the time of the sale; and he finally insists that complainant by his default in not conveying or offering to convey said lots as required by his bond, has lost his right to demand the specific performance of said contract. A copy of the note is attached to the petition, which calls for $3405; upon which there appears to have been paid on the 7th of July 1857, $405.

This action was commenced July 15th 1859, was submitted to the court below on bill and answer, and the bill dismissed on the ground that complainant had failed to tender the deed within the time required by his bond and the law governing the case made by the pleadings. Complainant appeals

*Frank Street* for the appellant, relied upon *Woods & Hobert* v. *Morgan et al.*, Morris 179; *Clark* v. *O'Loughlin* Ib. 375; *Fitch* v. *Casey* 2 G. Greene 300, 306.

*D. C. Bloomer* and *C. E. Stone* for the appellee.

I. The answer must be taken as true there being no replication by the plaintiff. *Childs* v. *Horr*, 1 Iowa 432; *Westfall* v. *Lee* 7 Ib. 12.

II. The bond and note constitute but one contract, and a defense to the bond is a defense to the note; 4 Blackf. 341; 5 Pick. 595.

III. The respondent has no interest in the lots and no

title or claim in them to be foreclosed. At most the court can only decree a strict foreclosure.

IV. The respondent in any view of the case should have the benefit of the depreciation in the value of the property between the 1st of July, 1857, when the deed should have been made, and the 13th of July, 1859, when it was tendered. 1. Hilliard Ven. 205, 206, and the cases there cited.

V. The contract was rescinded by the respondent before the commencement of this suit. 2 Pars. Cont. 191; 4 Wen. 285; 1 Hilliard Ven. 181; *Watson* v. *Reed* 1 Rus. & Myl. 236; *Williams* v. *Champion* 6 Penn. 159; *Higby* v. *Whittaker* 8 Ib. 190; 1 Pet. 454; 4 Blackf. 341, 392; 1 Ib. 172 *Low* v. *Marshall* 17 Maine 232; *Lawrence* v. *Dale* 11 Verm. 549; *Hill* v. *Fisher* 34 Maine 143; *Peny* v. *Wheeler* 24 Verm. 286; *Stephenson* v. *Maxwell* 2 Cow. N. Y.

VI. The complainant by reason of his laches has lost his right to a specific performance of the contract. 1 Sug. Ven. 341; (marginal,) Storys Eq. Jur. section 771; *Longworth* v. *Taylor*, 1 McLean 395; *Rogers* v. *Saunders* 16 Maine 92; *Lewis* v. *Woods* 4 How. (Miss.) 85; *Brown* v. *Haines, et al*, 12 Ohio 1; *Benedict* v. *Lynch* 1 Johnson 370; *White* v. *Law* 7 Verm. 357; *Cleveland* v. *Burton* 11 Ib. 138; *Goodell* v. *Field* 15 Ib. 44; *Young* v. *Daniels* 2 Iowa 129; *Wiswell* v. *McGown* 2 Barb. 270.

VII. The court will not decree a specific performance where there has been a change in the circumstances of the case, or a large depreciation in the value of the property. Storys Eq. Jur. sec. 776; 1 Sug. Ven. 356 and the cases there cited; *Braseer* v. *Gratz* 6 Wheat. 533; *Rogers* v. *Saunders supra*; *McKay* v. *Carrington* 1 McLean 50; *Young* v. *Daniels, supra.*

VIII. A party who has been guilty of negligence in the performance of his contract will not be permitted by a court of equity to avail himself of the general rule "that time is not the essence of the contract." In the argument of this proposition, counsel examined and commented upon the

following cases : *Young* v. *Daniels* 2 Iowa 127; *Brink* v. *Morton* Ib. 411; *Armstrong* v. *Pierson,* 5 Ib. 317; *Frank* v. *Purington,* Ib. 347. They also cited in support of the proposition *Hutchinson* v. *McNutt,* 1 Ohio; 1 Par. Cont. 541; 544; 2 Story Cont. 538.

WRIGHT, J.—We think complainant was entitled to a judgment upon his note and an order foreclosing defendant's equity in the premises. The cases in this State bearing upon the questions involved and sustaining more or less strongly this view are as follows ; *Woods* v. *Morgan,* Morris 179; *Clark* v. *O'Loughlin,* Ib. 375; *Cunningham* v. *Depew,* Ib. 463 *Brainard* v. *Holsaple,* 4 G. Greene 485; *Armstrong* v. *Pierson,* 5 Iowa 317; *Young* v. *Daniels,* 2 Ib. 126; *Matthews* v. *Gillis* 1 Ib. 242; *Wright* v. *LeClaire,* 3 Ib. 221; *Blair* v. *Marsh,* 8 Ib. 144; *Collins* v. *Vandever,* 1 Ib. 573; *Brink* v. *Morton* 2 Ib. 411; *Walters* v. *Miller,* 10 Ib. 427; In this case it was said; "To rescind a contract the law requires some positive act by the party who would rescind, which shall manifest such intention and put the opposite party on his guard, and it then gives him a reasonable time to comply.

It will be observed that there is no pretence that respondent ever offered to perform the contract on his part, or that complainant ever refused to make the deed. Nor is it pretended that complainant could not comply with his bond, by reason of defect in his title, or the like. Nor again does the answer state that respondent about the time the deed was to be made or soon thereafter, give notice of his intention to consider the contract at an end. True it is stated that he at some time offered to surrender the land, but when he does not state, and we do not know. From the manner of its statement, it is fairly inferable that it was about the time of the tender of the deed and the commencement of this action. It is certainly fair to conclude, that if at a time more favorable to respondent he would have so stated. All there is

of the case then is this: Respondent for the lots purchased gave to complainant his negotiable promissory note and took from him a bond for a deed, to be made upon the payment of the note. The note was not paid, nor was the deed made. Each party remained inactive for two years; complainant then sought his purchase money, and in doing so tendered a deed as required by his bond. It was no more the duty of complainant to manifest his intention to hold respondent to the performance of the contract, than it was of respondent to pay the money and demand his deed, or do something to indicate to complainant that he had abandoned the contract, (granting that he could do so.) Respondent could not by merely remaining silent treat the contract as at end and avoid the payment of the purchase money.

Now if it appeared that complainant, by reason of a defect in his title, was unable to make the deed and that respondent, acting upon this condition of things, had in any manner indicated his intention to abandon the contract, the position of appellant would be more plausible. And especially would this be so, if pending the defect in title which might subsequently be perfected, the property had greatly depreciated in value.

For as it was not in the power of vendor to comply with his agreement, neither was the vendee compelled to part with his money, and as a consequence, if there was a depreciation the vendee in so far as he was damaged thereby, should be compensated for his loss. And the cases cited by appellee upon the subject of damages arising from the deterioration of the estate, will be found to be of the character just indicated. Thus in *Foster* v. *Deam*, 3 Madd. 394, the completion of the contract was delayed by difficulties in the title. So in *Ferguson* v. *Tadman*, 1 Sim. 530, one of the conditions of the sale was that the purchaser was to be entitled to the possession of the farm at Michaelmas, 1818. He accordingly attended there on the day named for the purpose of receiving such possession, but the tenants refused to quit. The purcha-

ser then gave the vendor notice that he should require him to reimburse him any loss on this account and that he was ready to complete his purchase. The vendor then filed his bill, for a specific performance, making the tenants who refused to deliver possession, parties. On this state of facts the purchaser was allowed the amount of the deterioration of the estate, pending the suit. And these are the cases cited to support the text in 1 Hilliard on Vendors 205, 6. Nor does the text sustain appellant, in a case where the failure to complete the purchase, is chargeable to the neglect to pay the purchase money. To make the vendor liable for such depreciation there must be some fault on his part, other than a mere failure to make the deed, without being requested so to do.

The Code sections 2094-5, gives to the vendor the right to file his petition and ask the court to compel the vendee to perform his contract or foreclose and sell his interest in the property. And this he may do whether time is or is not the essence of the contract; and in such cases, the vendee for the purpose of foreclosure shall be treated as a mortgagor and his rights may be foreclosed in a similar manner. These sections it would seem sufficiently meet the objection of appellee, that he had no interest in the property to foreclose or sell. This determination in his own mind that he would abandon the contract, did not divest his interest in the property. Nor did his subsequent offer to surrender all claim or right to it have that effect. The vendor held the legal title, but in trust for the vendee. The vendee, in equity held the purchase money, but in trust for the vendor. The outstanding title bond invested the vendee with an interest which could be reached in this proceeding, in a manner similar to the foreclosure of a mortgage. (*Blair* v. *Marsh*, 8 Iowa 144.) In this case it is said that by virtue of the statute the vendee is to be treated, for all the purposes of the suit, as a mortgagor and his rights as such may be foreclosed and sold. (See *Pierson* v. *David*, 1 Iowa 34; *Page* v. *Cole*, 6 Ib. 153.)

Reversed and cause remanded with directions to enter a decree in accordance with this opinion.

, Reversed.