# THE STATE OF IOWA:

DES MOINES, JUNE TERM, A. D. 1876.

IN THE THIRTY-FIRST YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
  "   JAMES G. DAY,
  "   JAMES H. ROTHROCK,
  "   JOSEPH M. BECK,   } JUDGES.
  "   AUSTIN ADAMS.

---

## BILLS ET AL v. MASON ET AL.

1. **Homestead:** PRIOR DEBTS. The homestead is liable for debts contracted prior to its acquisition; and such liability attaches at the date of the creation of the indebtedness, and not at that of the rendition of a judgment thereon.

2. ———: NEW HOMESTEAD: TRANSFER OF LIABILITY. In case of an exchange of homesteads, the one newly acquired is liable for an existing debt for the purchase money of the old one, the liability of the latter being transferred by operation of law to the former.

3. **Vendor and Vendee:** LIEN: ASSIGNMENT. The assignment of a note, given for the purchase price of real estate, carries with it the lien of the vendor and all the equities and remedies the latter would have had if he had never parted with the claim.

4. **Homestead:** LIEN: JUDGMENT. The lien of a judgment upon a debt for a homestead relates back to the time the debt was contracted, and such lien can be enforced by general execution.

*Appeal from Monroe District Court.*

TUESDAY, MARCH 21.

ON the 8th day of August, A. D. 1871, one D. G. Boardman purchased of one Westcott certain real estate in the town of Albia, and on that day entered into possession of the same, and continued to occupy said premises as his homestead until the 8th day of October, A. D. 1872, when he exchanged the same for the premises in controversy, and immediately entered into possession of the latter, and occupied the same as his homestead until the 20th day of July, 1874, when he sold and conveyed said last premises to the plaintiffs. As part consideration for the premises purchased of Westcott, Boardman gave his note to the former, payable two years after date. This note was assigned by Westcott to the defendant Mason, and it became due on the 11th day of August, A. D. 1873. On the 29th day of October, A. D. 1873, the defendant obtained judgment by confession on the note, in the District Court of Monroe county; and on the 13th day of April, 1874, an execution was issued on said judgment, which, on the 22d day of April, 1874, was levied on the premises in controversy.

The confession of judgment stated that the judgment was confessed on said note, and that it was given as part of the purchase price of the premises purchased of Westcott, and which will be designated as the old homestead. On the 25th day of June, A. D. 1874, this action was commenced; the object being to restrain the sale of the premises in controversy, which will be designated as the new homestead.

A preliminary injunction was granted, which, on the com-

ing in of the answer, supported and controverted by affidavits, was dissolved; and the plaintiffs appeal.

*Dashiell & Andrews*, for appellants.

The conveyance of the homestead invests the grantee with the title thereto, free from any judgment against the grantor. (*Lamb v. Shays*, 14 Iowa, 567.) The mere legal duty to support and maintain his children, whether they reside with him or not, is sufficient to exempt his home from judicial sale. (*Woods v. Davies*, 34 Iowa, 264.) The residence of the husband alone, without the wife and children, is sufficient to constitute the premises where he resides a homestead, so that a mortgage executed by him thereon is invalid. (*Williams v. Sweetland*, 10 Iowa, 55.) Where a deed has been executed to a vendee, a lien does not exist for the purchase money which is transferrable by the mere indorsement of the note. (4 Kent, 12 ed., 153, marg. notes A, B, E.) A vendor's lien can only be made available by proper proceedings to enforce it. (*Rakestraw v. Hamilton*, 14 Iowa, 147.) No vendor's lien will be recognized or enforced after a conveyance by the vendee, unless such lien is specially reserved. (Code, § 1940.) In case of a change of homestead, if the new one is acquired within a reasonable time, it is sufficient to invest it with the rights of the former homestead. (*Pearson v. Minturn*, 18 Iowa, 36; *Sergeant v. Chubbuck*, 19 Id., 38.)

*Perry & Townsend*, for appellee.

The right of the debtor to set up the plea of homestead exemption is inferior to the right of the vendor to recover the purchase money by sale of the premises. (*Hyatt v. Spearman*, 20 Iowa, 510.) The intention to occupy the premises in good faith as a homestead will not exempt them from prior debts. (*Elston v. Robinson*, 25 Iowa, 208.) The homestead is liable for all debts contracted before its purchase, and for the money agreed to be paid for it. (*Christy v. Dyer*, 14 Iowa, 488; *Barnes v. Gray*, 7 Id., 26; *McHenry v. Reilly*, 13 Cal., 75.)

SEEVERS, CH. J.—I. The homestead may be sold on execution for debts contracted prior to the purchase thereof. Revision, section 2281, Code, section 1992. It, therefore, follows that the property in controversy or new homestead is liable to be sold on execution, for the reason that the debt on which the judgment was rendered was contracted prior to the purchase or acquisition of such new homestead, unless the matters mentioned in the statement of facts change this necessary result. The testimony of the plaintiffs is, that they purchased the premises in good faith, after an examination of the judgment docket, which merely disclosed the fact of the amount of the judgment and the date of its rendition, which was more than a year after Boardman had entered into possession of the premises in controversy as his homestead. It will be seen, howewer, that the date of contracting the debt is the test, and not that of the rendition of the judgment, whether or not the property was exempt from sale on an execution issued on the judgment. Besides this, an examination of the confession would have shown when the debt was contracted. This much at least the plaintiffs were required to do.

*1. HOMESTEAD: prior debts.*

II. Revision, section 2289, Code, section 2001, is as follows: "The new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former homestead would have been exempt, but in no other, nor in any greater degree." The plaintiffs insist that the new homestead is exempt because the judgment, not being a lien on the old, cannot be on the new. To this the defendant replies that, inasmuch as the judgment was confessed on a debt contracted in the purchase of the old homestead, the new homestead is liable to the same extent the old would have been. If it was the duty of the plaintiffs to have examined the confession as has been stated, and had they done so, they would have ascertained the judgment was rendered on a debt given, or created as a part of the purchase price of the old homestead. Failing to do this they clearly have no better rights or equities than Boardman, if this action had been brought by him. As between Boardman and

*2. ——: new homestead: transfer of liability.*

Wescott, a lien existed on the old homested for the unpaid purchase money. *Christy v. Dyer*, 14 Iowa, 438. It is true such lien was not enforceable against the old homestead for the reason that it had been sold, and conveyed to a third party without notice. This sale, however, being a mere exchange, the liability of the old homestead is transferred by operation of law to the new. The Code so provides in express terms. The language used is, " would have been," that is if Boardman had retained the old homestead. If, then, he had retained the old homestead, the question is, " would " it have been liable, if so, then is the new? That the old homestead would have been liable to be sold on execution for this debt, if Boardman had retained it, we presume will not be seriously controverted.

III. It is urged that whatever may be the rights and equities between Boardman and Westcott, yet as the defendant is 3. VENDOR and the assignee of the latter a different rule must vendee: lien: assignment. prevail. This court held in *Blair & Co. v. Marsh et al.*, 8 Iowa, 144, that the assignment of a note, given for the purchase of real estate, carried with it the lien of the vendor, and all the equities and remedies the latter would have had if he had never parted with the debt. And this on principle would seem to be the better rule. What reason can be given why, if the assignment of the debt carries with it the lien, any and all other equities and rights do not necessarily follow? The principal thing is the debt, the lien is an incident and the principal one that attaches to it. If, then, the debt and the principal incident passes to the assignee, why not all other equities or rights. The fact that in *Blair & Co. v. Marsh et al., supra*, the vendor had not parted with the title of the real estate can make no difference for the reason that the mode of enforcing the lien, or the rights of the parties, are in no wise different from what they would have been if the title had passed to the vendee.

IV. It is finally urged that, inasmuch as defendant has not taken any steps to enforce the lien, but relies alone 4 HOMESTEAD: on a general judgment and execution, the plain- lien: judg- ment. tiffs have the better equity or superior right. Is this assumption true? The defendant, believing he had the

legal right to sell the premises on the execution, was proceeding to do so. Now if his general judgment or execution gave him no legal right to do so, why did the plaintiffs' interfere? Simply, we apprehend, for the reason, if the sale had taken place, the title of the purchaser of the premises at law would have been superior to that of the plaintiffs. Be this, however, as it may, the plaintiffs brought this action in equity to restrain such sale. And the defendant in his answer sets up and relies on his equities, and asks to have the same enforced. This is in accord with the doctrine of Lowe, J., in *Rakestraw v. Hamilton*, 14 Iowa, 151, where it is stated that the lien of the vendor can only be enforced by proper proceedings for that purpose. Besides this, there was no such point in that case, as the controversy was solely in relation to personal property. In *Christy v. Dyer*, *supra*, however, the point was pertinent and decided by the court, that the lien as between the parties could be enforced by general execution. It is true the reason given is that as there was a mortgage in that case, which, however, had not been foreclosed, the judgment on the note, by virtue of the statute, related back so far as the lien was concerned to the date of the mortgage. This statute was repealed by the Code. In this case the lien of the judgment, however, relates back to the time of the contraction of the debt by operation of law, or rather by an express provision of another section of the Code. The judgment of the District Court must be

AFFIRMED.