ABRAHAM L. DeWITT, PLAINTIFF IN ERROR, V. WHEELER & WILSON SEWING MACHINE CO. ET AL., DEFENDANTS IN ERROR.

1. **Homestead.** The homestead law in force when a debt is contracted governs as to the rights of the creditor and debtor in that case.

2. ———: STIPULATION CONSTRUED. Where in a stipulation of facts it was agreed that the debt "accrued in the summer of 1877," a homestead law having taken effect on the 1st day of June of that year, *Held*, That as the word "summer" is frequently used to indicate the warmest season of the year, it will not be presumed that the debt accrued after the 1st day of June.

ERROR to the district court for Saline county. Tried below before POST, J., sitting for MORRIS, J.

*Abbott & Abbott*, for plaintiff in error.

*M. B. C. True* and *J. C. Smith*, for defendants in error.

MAXWELL, J.

In May, 1876, one R. F. Kortright executed a promissory note for the sum of $90 to the Wheeler and Wilson Sewing Machine Co. On the twelfth day of August, 1878, said company recovered a judgment against Kortright for the sum of $100 and costs, on said note. A transcript of said judgment was duly filed in the district court of that county on the fifteenth of that month. In July, 1876, Kortright executed a promissory note to Fuller and Johnson for the sum of $98.25, and in December of that year they recovered a judgment thereon before a justice of the peace, a transcript of which judgment, in August, 1879, was duly filed in the office of the clerk of the district court of that county. In August, 1879, J. C. Norris recovered a judgment against Kortright, before a justice of the peace,

for the sum of $10 and costs, on a debt which accrued in the summer of 1877. A transcript of the judgment was duly filed in the office of the clerk of the district court. On the fifth day of July, 1878, Kortright executed a promissory note to Hattie E. Burley for the sum of $225, due in four years from date, with interest at twelve per cent. To secure the payment of this note Kortright and wife executed a mortgage upon eighty acres of land in Saline county. The note and mortgage were afterwards assigned to Henry E. Fletcher, who, in February, 1883, brought an action to foreclose the same, and Abraham L. DeWitt, Wheeler & Wilson, Fuller & Johnson, and J. C. Norris were made defendants. A decree of foreclosure was afterwards rendered, in which the judgments in question were held to be valid liens upon the premises. From that portion of the decree declaring the judgments liens on the land in controversy, the owner of the equity of redemption, Abraham L. DeWitt, appeals.

The case was tried upon a stipulation of facts, from which it appears that in 1876 "Kortright owned 80 acres of land in another part of the county, and occupied the same as a homestead;" that "he sold that and bought in the land in dispute July 5th, 1877;" that "on the fifth day of July, 1877, Robert F. Kortright bought the land described in the plaintiff's petition in fee, and with his then wife, Catherine E. Carmen, and her minor children by a former marriage, moved onto the same, and resided there as their home (having no other land or home) until early in the summer of 1878. He then rented the farm and moved into the city of Crete, same county, rented property, and opened a boarding house, and continued that business until about December 1st, 1878, when he moved back with his family on to the farm; that afterwards Mrs. Kortright brought an action for a divorce from her husband, and a decree was rendered in her favor about the year 1880, and granting her the land in dispute as alimony; that in 1881

she sold and conveyed said land to the plaintiff in error; that in 1883 Kortright conveyed his interest in said land to one Taylor, who afterwards conveyed to the plaintiff in error." It will be seen that all the debts except that to Norris were contracted before the homestead law of 1877 took effect, and the exemption law in force when they were contracted will govern as to the rights of the debtor and creditor. That is, that after a debt is contracted the legislature cannot diminish the rights of the creditor, nor take from the debtor property previously exempt to apply on that particular debt. *Dorrington v. Myers*, 11 Neb., 388. *Bills v. Mason*, 42 Iowa, 329. *Warner v. Cummock*, 37 Id., 642. The judgments, therefore, of Fuller & Johnson and Wheeler & Wilson were liens upon the homestead, and upon its sale and abandonment became operative. *State Bank v. Carson*, 4 Neb., 501. *Eaton v. Ryan*, 5 Id., 49.

2. It is stated in the stipulation of facts that the debt to Norris "accrued in the summer of 1877." The word "summer," strictly perhaps, includes only the months of June, July, and August, yet it is frequently used in a more general sense to indicate the warmest period of the year. Webster's Dictionary, 1325. The homestead law of 1877 took effect June 1st, 1877, and so far as appears the debt to Norris was contracted before that time. Error must affirmatively appear and will not be presumed. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.