STEPHEN TURNER, PLAINTIFF IN ERROR, V. THE SIOUX CITY AND PACIFIC RAILROAD, DEFENDANT IN ERROR.

1. **Exemption.** Sixty days wages of a laborer, mechanic, or clerk who is the head of a family are exempt from execution, attachment, or garnishment, and it is the duty of the employer summoned as garnishee, when knowing the facts, to state them in his answer.

2. ———: GARNISHMENT. Where there was no charge of bad faith on the part of the employer in failing to state in the answer in garnishment that the wages were exempt, and in pursuance of the order of the court paid the money into court where the debtor claimed it as exempt, and filed a motion supported by affidavits for its delivery to him, which motion was overruled, the debtor will, so far as the garnishee is concerned, be concluded by the garnishment proceedings and cannot afterwards bring an action against the garnishee to recover the debt.

ERROR to the district court for Washington county. Tried below before WAKELEY, J.

*John Lothrop,* for plaintiff in error, cited: Drake on Attachment, 5th Ed., § 711. *Albrecht v. Treitschke,* 17 Neb., 205.

*L. W. Osborn* and *Joy, Wright & Hudson,* for defendant in error, cited: *Peters v. Dunnells,* 5 Neb., 465. Maxwell's Pl. and Pr., Ed. 1880, p. 76. *Conley v. Chilcote,* 25 Ohio State, 320. *Moore v. R. R.,* 43 Iowa, 385.

16

MAXWELL, CH. J.

This is an action brought by the plaintiff against the defendant to recover for wages claimed to be due for services rendered by the plaintiff to the defendant in 1883.

The defendant filed an answer in which it admits that on the 12th day of November, 1883, it was indebted to the plaintiff in the sum of twenty dollars, but that on said day it was garnished in an action then pending in the county court of Washington county, wherein Downing & Co. were plaintiffs, and the plaintiff herein defendant. The third count of the answer, which contains the facts relied upon as a defense in this case, is as follows:

"3d.   That on said 12th day of November the firm of Downing & Co. commenced action in the county court of Washington county, Nebraska, in which said Downing & Co. were plaintiffs and Stephen Turner aforesaid was defendant.

"That an order of attachment was issued in said cause after the filing of an affidavit in attachment therein, which said affidavit alleged that there was due from the defendant to the said Downing & Co. the sum of nineteen dollars for merchandise sold and delivered by the said Downing & Co. to the said Stephen Turner, and that said goods were obtained by said Turner from said Downing & Co. fraudulently, and that said Turner fraudulently contracted said debt.

" That on said day, and in said action, said Downing & Co. filed an affidavit in garnishment wherein it was stated that said plaintiff had good reason to believe that the Sioux City & Pacific Railroad Co., the defendant herein, being a resident of Washington county, Nebraska, had property of the said defendant Stephen Turner, consisting of moneys and credits in its possession, and also that said Sioux City & Pacific Railroad Co. was indebted to the said Stephen

Turner, defendant in said action, in an amount unknown to said Downing & Co.

"That on said 12th day of November, 1883, a bill of particulars having also been filed in said action, said county court having jurisdiction of said action, a summons was issued by said court in said action against the said Stephen Turner; also an order of attachment against his property, and a summons or notice in garnishment against the Sioux City & Pacific Railroad Co., all in manner and form as provided by law, and returnable and answerable at 10 o'clock A.M. on the 16th day of November, 1883, that said summons or notice in garnishment was duly and legally served upon this defendant on the 12th day of November, 1883, in Washington county, Nebraska, which said summons commanded this said defendant to appear in said court at 10 o'clock A.M. on said 16th day of November, 1883, and true answers make to all such questions as might be propounded to it, touching the property, moneys, rights, and credits in its possession, or under its control, belonging to the said defendant Turner, and also to answer all such questions as should be propounded to it touching its indebtedness of every kind and nature to the said defendant Turner, and not to omit to appear and make such answers and disclosures under the penalty of the law. And this defendant further shows, that on the said 12th day of November, 1883, the summons hereinbefore named, issued in said cause, was duly and legally served upon said defendant Turner, personally, in Washington county, Nebraska.

"And defendant further shows that at the time named in said summons, at which the same was returnable and answerable, said defendant Stephen Turner appeared in said court and in said action by himself and his attorney, and filed his motion supported by affidavits to discharge said attachment for the reason that the grounds for attachment stated in said affidavit of the plaintiffs Downing & Co. were not true. That said motion was fully heard in

said court, said court having jurisdiction of the parties to and the subject matter of said action, and being fully advised, on consideration said court overruled said motion.

"That thereupon, in obedience to said summons and garnishment, this defendant was required to answer touching the property in its possession belonging to the said defendant Turner, and also touching its indebtedness to the said defendant.

"That at said time this defendant did make answer under oath, admitting its indebtedness to said Turner at said date in the sum of $20.10. That thereupon, on consideration of said court, this defendant was ordered, adjudged, commanded, and required to pay into court as garnishee the said sum of $20.10, being the amount of its indebtedness to the said defendant Turner, there to remain and await the further order of said court.

"And this defendant further states, that in conformity with and in obedience to said order and judgment, this defendant did, then and there, pay into court said sum of $20.10.

"And this defendant further shows that at the commencement of said action, said Downing & Co., plaintiffs, filed their undertaking or bond in attachment to said Stephen Turner, which undertaking was by said court on said 12th day of November, 1883, duly filed and approved.

"And this defendant further shows that on said 16th day of November, 1883, said defendant Stephen Turner, after the said sum of $20.10 had been paid into court, and while the same was in the possession and custody of said court, by himself and attorney appeared therein and filed his motion to require said court to pay over to said defendant Turner the said sum of $20.10, for the reason that the same was for less than sixty days' wages due to him, said defendant, as a resident of Washington county, Nebraska, and the head of a family, which said motion was supported

by affidavits; that said motion was duly heard on said day, and said court having jurisdiction of the parties and the subject matter, and being fully advised did overrule the same. That all questions pertaining to the right of said defendant Turner to said money were fully presented and duly considered by said court.

"That on said day said plaintiffs Downing & Co., upon consideration of said court, obtained a judgment against said Stephen Turner in the sum of nineteen dollars, which, with the cost of said action, exceeds the sum of $20.10.

"And this defendant further shows that no action or proceeding has been taken or had to reverse or modify the judgment, orders, or rulings of said court in said action, but that the same still remains in full force.

"And this defendant further states that at said date it was not indebted to said Stephen Turner in any other or greater sum than the said $20.10, and that by the payment of the same into court said debt was satisfied, and this defendant absolved from all liability to the said defendant, and that it has not been indebted to the said defendant since said date in any sum whatever. Wherefore this defendant prays that it may be dismissed and go hence without day and recover of the plaintiff its cost herein expended."

The plaintiff filed a reply to the second paragraph of the answer, alleging that at the time the services were rendered and at the time of garnishee proceedings plaintiff was married and had a family residing in Washington county, Nebraska. That the amount due was for less than sixty days' labor; that defendant's agent knew the facts before *paying the money into court,* and that plaintiff requested the agent to set up plaintiff's exemptions.

2d. That the judgment named in favor of Downing & Co. was for merchandise, and not for clerk's, laborer's, or mechanic's wages, or for money collected by an attorney, etc.

3d.    Third paragraph of the reply denies that the exemption of said money was passed upon in the county court —denies that the judgment and order overruling plaintiff's motion and requiring the defendant to answer absolved the defendant from liability to the plaintiff, and denies that the court had jurisdiction of the *wages*.

The plaintiff filed a separate demurrer to each count of the reply. The demurrers were sustained and judgment rendered for the defendant.

In *Wright v. The C., B. & Q. R. R. Co., ante* p. 176, it was held that sixty days' wages of a laborer, mechanic, or clerk who was the head of a family were absolutely exempt from execution, attachment, or garnishment, whether the employe and his family were residents of the state or not. It is not the policy of this provision of the statute to limit its benefits to residents of the state, nor to offer a premium to residents of other states to evade their own exemption laws, where the debts were contracted and are payable, by coming into this state, and seizing property of the debtor upon the ground that he is a non-resident of this state. Such a palpable evasion of the exemption law will not be tolerated. There is great force in the argument that the exemption existing where a debt is contracted is a vested right *in rem*. which follows the debt into any jurisdiction in which an action may be brought. That is, that the law in force when and where a debt was contracted should govern as to the rights of the creditor and debtor in that case. *DeWitt v. Sewing Machine Co.,* 17 Neb., 533. *Dorrington v. Meyers,* 11 Id., 388. *Bills v. Mason,* 42 Iowa, 329. *Warner v. Cammack,* 37 Id., 642. But that question is not before the court, as it is alleged that the plaintiff is a resident of this state, although it was stated in the argument that the debt was contracted in Iowa while the plaintiff was a resident thereof.

Where the employe is the head of a family, and not more than sixty days' wages are due him for his services, it is

the duty of the garnishee to set up these facts in his answer in garnishment. And no doubt where the garnishee is aware of these facts and fails to set them up in his answer—facts which show that the money held by him is not subject to garnishment, and the proceedings are *ex parte*, the payment of the money into court in pursuance of an order thereof will not constitute a defense in an action by the employe to recover the same, because it is the duty of the garnishee to state all the facts known to him that would affect the right of the creditor to recover. The garnishee, however, may not be aware at the time the answer is filed that the debtor is the head of a family, and therefore would not be answerable for a failure to allege that fact.

It will be observed that the plaintiff in his reply alleges that he was married and had a family residing in Washington county at the time the services were rendered and the proceedings in garnishment had, and that the amount due was for less than sixty days' labor. It is also alleged that defendant's agent knew these facts before *paying the money* into court, and that the plaintiff requested such agent to set up plaintiff's exemptions. There is also a denial that the exemption of said money was passed upon by said county court. There is no denial, however, that while the money was in the custody of the court the plaintiff and his attorney appeared therein "and filed a motion to require the court to pay over to the defendant (the plaintiff herein) the said sum of $20.10, for the reason that the same was for less than sixty days' wages due to him, said defendant, as a resident of Washington county, Nebraska, and the head of a family, which said motion was sustained by affidavits; that said motion was duly heard on said day, and said court, having jurisdiction of the parties and the subject-matter, and being fully advised, did overrule the same; that all questions pertaining to the right of said defendant Turner to said money were fully presented and duly considered by said court."

These facts are not denied nor is it alleged that the defendant had knowledge that the plaintiff herein was the head of a family when the answer in garnishment was made. The plaintiff herein thereupon set up the facts and claimed the money as exempt. The ruling of the court, however, was adverse to him. Upon what particular ground this ruling was placed we are not advised. It may have been that the court found that the plaintiff was not the head of a family. If so, its judgment may have been erroneous, but not void. That question was one of fact and open to inquiry, and the decision of a court thereon having jurisdiction of the subject-matter and the parties will be conclusive on the questions presented unless an appeal was taken.

There is no allegation or claim that the defendant acted in bad faith or failed to set up all the facts in its possession when making its answer in the garnishment proceedings, and having paid the amount owing the plaintiff herein into court, to which he immediately made claim on the ground that the money was exempt, he is as against the defendant concluded by the ruling of the court on such motion, and cannot afterwards maintain an action for the same debt against the garnishee.

The demurrers to the several counts of the reply therefore were properly sustained, and the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.