W. W. MACE ET AL., APPELLANTS, V. JOHN B. HEATH ET AL., APPELLEES.

[FILED JUNE 11, 1892.]

**Exemptions:** GARNISHMENT: VOLUNTARY PAYMENT. In an action to enjoin an execution upon the ground that the judgment debtor had been garnished in a proceeding after judgment, and had paid the amount owing the judgment creditor into court in pursuance of its orders, the judgment creditor was the head of a family and insolvent, of which facts the judgment debtor did not deny that he was aware, and that the judgment in question was exempt property if so claimed, but the debtor in his answers in garnishment failed to state any of these facts, *held,* that he had not made a full disclosure—in effect, had not acted in good faith with the creditor, and on a claim by the latter that the judgment was exempt, the payment of the money into court is no protection.

MOTION for rehearing of case reported 30 Neb., **629.**

*John P. Breen,* for the motion, cited: *Albrecht v. Treitschke,* 17 Neb., 206; *Turner v. R. Co.,* 19 Id., 241; *Conley v. Chilcote,* 25 O. St., 320; *Moore v. R. Co.,* 43 Ia., 385; *Wilson v. Burney,* 8 Neb., 39; *C., B. & Q. R. Co. v. Moore,* 31 Id., 629.

---

MAXWELL, CH. J.

A motion for a rehearing has been filed in this case on behalf of the plaintiff. In the brief accompanying the motion it is earnestly insisted that the decision of the court below was placed upon the ground that a judgment was not subject to garnishment, and not upon the ground that the property was exempt. We have no means of knowing whether the court below placed its decision upon the grounds stated or not, although the capable judge, before whom the case was tried, probably did not find it necessary to consider more than the first ground set forth. But whether he did or not is immaterial. This court does not find it necessary to go into a consideration of the second question. The attorneys also grow eloquent over the innocence of their client in the garnishment proceedings. In the brief for a rehearing it is said: "I humbly confess that I had supposed that it was settled in the case of *Turner v. Sioux City & Pacific R. Co.*, 19 Neb., 241, that where a garnishee disclosed in his answer all he knows at the time of answering concerning his indebtedness to the attached debtor, and all his relations to him and all he knows about his condition, then the law will protect him. It is said in that case: 'Nor is it alleged that the defendant had any knowledge that the plaintiff herein was the head of a family when the answer in garnishment was made.' It is not alleged in the answer in the case, nor is it anywhere attempted to be proven, that at the time the answers in garnishment were made in the first two instances that plaintiffs knew, or had any reason to know, that Heath was a married man or the head of a family, or that he desired to claim or could claim this money as exempt. And in that same case, and by the same justice who writes the opinion in this case, I find this language: 'Where the employe is the head of a family, and not more than sixty days' wages are due him for his services, it is the duty of the garnishee to set up these facts

in his answer in garnishment. And no doubt where the garnishee is aware of these facts and fails to set them up in his answer, facts which show that the money held by him is not subject to garnishment, and the proceedings are *ex parte*, the payment of the money into court in pursuance of an order thereof will not constitute a defense in an action by the employe to recover the same, because it is the duty of the garnishee to state all the facts known to him that would affect the right of the creditor to recover. The garnishee, however, may not be aware at the time the answer is filed that the debtor is the head of a family, and therefore would not be answerable for a failure to allege that fact.' A fundamental principal of law has been stated here which the writer has never heard questioned or doubted until the opinion in this case was filed. In *Conley v. Chilcote*, 25 O. St., 320, and in *Moore v. R. Co.*, 43 Ia., 385, the same principle is announced. Doubtless many cases may be found where the garnishee, knowing the money to be exempt, failed and neglected to disclose that fact in his answer, and was therefore held liable, notwithstanding payment on his answer, because of his neglect and failure to disclose fully; but I say firmly, and without fear of successful contradiction, that no case can be found where the garnishee disclosed fully in his answer all he knew at the time respecting the debt and the debtor and was still held liable for a second payment because he did not fortify himself with additional knowledge and make search for new facts touching the condition of the attached creditor."

It is very evident that the plaintiff misapprehends the decision of the court. The mild language used in characterizing the transaction is assumed as a basis for holding Mace up as an innocent garnishee and entitled to protection. If the case presented shows him to be such, then his rights to protection, provided a judgment is subject to garnishment, are undoubted. In the conclusion we have reached it is unnecessary to consider the second proposition. But

suppose the judgment was subject to garnishment, does the case presented by the record show good faith on the part of Mace?

It may be well to look at the original cause of action in order to understand the nature of the judgment. The record in that case shows that prior to May 3, 1887, Heath had been engaged in the feed business in Omaha; that at that time he sold out to Mace & Clement for the sum of $1,008; of this sum, $400 was paid in cash and two notes were given, each for the sum of $304. Heath was compelled to bring suit upon both of these notes, although no defense was set up against the notes themselves. It is true a counter-claim was pleaded, which was not allowed, and a set-off of $139.60, which the plaintiffs herein claimed to have purchased before the bringing of the suit. and which seems to have been allowed. There was also a charge of alteration of the notes, which was not sustained, The defense in that case was so trivial that had our law permitted the imposition of a penalty in the form of an increased judgment it should have been done in that. The opinion affirming the judgment was filed October 28, 1890. Under the rules of the court no mandate can issue until after forty days, unless by a special order of the court, so that either party may have an opportunity to present objections to the judgment by way of a motion for a rehearing. Therefore, in the absence of an order to the contrary, the case is not remanded to the district court until the expiration of forty days, and no execution can be issued on the judgment until after that time; in fact the judgment does not take effect until forty days from the time the opinion is filed, unless by a special order of the court. Yet we find that on the 17th day of November, 1890, Mr. Mace was served with summons in garnishment and four days thereafter he paid into the court, as he claims, the sum of $236.86 on the garnishment. On the 29th of the same month he claims to have been served

with summons in garnishment in a second suit, and four days thereafter, viz., on the 3d day of December, 1890, he claims to have paid into justice court the sum of $63.10. He also claims to have paid as garnishee to the justice for Thomas Swift the sum of $23.76, the date of which does not appear, but evidently before the issuing of the mandate. In consequence of the protracted litigation Heath was compelled to prosecute his case through the several courts of the state and his attorneys charged. him $250 for their services and filed a claim for a lien for that amount which ·Mace paid. Thus Mace was satisfied with the judgment in this court and made no complaint as to the same, but before it could be available to Heath he had promptly paid the same in answer to summons in garnishment. If in promptly paying this money he acted in good faith, no doubt he will be protected. Does the case made by him in the petition show such good faith? It must not be forgotten that this is an action to enjoin the execution issued by Heath, in effect the judgment obtained by him upon the ground that the plaintiff has satisfied the same. A copy of the petition is set out in the former opinion. It will be observed that a large part of that petition is composed of allegations as to the garnishment proceedings. None of the answers in garnishments or the substance thereof are set out, so that we have his naked allegations that he acted in good faith without any facts to support it. It will be observed, too, that he does not allege in his petition that he did not know that Heath was the head of a family and that the property in question was exempt, or that Heath would have claimed it as such had he been aware of these proceedings by which it was sought to deprive him of the benefit of the exemption law. In his affidavit in the case, and which, by stipulation, is part of the evidence in the case, Mace swears: "That when he was summoned and made answer in the H. J. Rolfs case, mentioned in the petition, he did not

Mace v. Heath.

know, had not heard, and had no reason to believe or suppose that the said Heath claimed, or desired to claim, the money in affiant's hands exempt from garnishment under the exemption laws. Affiant further says that when he was summoned and answered in the John P. Davis case, mentioned in the petition, he had not heard, did not know, and had no reason to suppose or believe that the said Heath claimed, or desired to claim, that the money in affiant's hands was exempt from garnishment under the exemption laws of this state, but affiant says on the contrary that he had believed, and had good reason to believe, that said money was not exempt to said Heath; that he knew it was not wages earned by said Heath, and that he had heard and believed that said Heath had collected quite a large sum of money from insurance companies in Omaha shortly prior to affiant's making answer to these garnishment cases." He also swears: "That in all his answers as garnishee he acted in the utmost good faith for the said Heath; that he did not counsel, aid, or advise any of the several garnishment proceedings against him, but that it is true that many of the judgment creditors of said Heath had inquired of affiant about the progress and condition of the said case of *Heath v. Mace et al.* while the same was yet pending and undetermined in the supreme court." In his petition for an injunction he alleges: "That the said John B. Heath is insolvent and has no property subject to execution and is entirely unable to respond in damages to these plaintiffs which would be occasioned to them by the wrongful enforcement and levy under said execution upon their property and a re-collection of the aforesaid judgment under said execution." Thus, taking his sworn statements together, he knew that Heath was insolvent; in other words, had not property to pay his debts. By his failure to negative the fact he, in effect, admits that he knew Heath was the head of a family, and that the property in question was exempt, yet it nowhere appears

Mace v. Heath.

that he disclosed these facts in his answers in garnishment. We are left to infer that he informed the creditors of Heath that he was indebted on the judgment. This was told to them apparently to enable them to obtain the avails of the judgment without giving the debtor an opportunity to claim the exemption. Now let us apply the rule stated in *Turner v. S. C. & P. R. Co .,* 19 Neb., 247, that "where the garnishee is aware of these facts and fails to set them up in his answer—facts which show that the money held by him is not subject to garnishment and the proceedings are *ex parte,* the payment of the money into court in pursuance of an order thereof will not constitute a defense in an action by the employe to recover the same, because it is the duty of the garnishee to state all the facts known to him that would affect the right of the creditor to recover." It must not be forgotten that the alleged garnishee in this case is a defeated judgment debtor, who, so far as appears, has resorted to every means in his power to prevent the payment of the money to his creditor. It does appear that he did not make a full disclosure of facts within his personal knowledge when he answered as garnishee, and the rule as stated in *Turner v. S. C. & P. R. Co., supra,* copied above, is directly applicable. The petition wholly fails to state a case for equitable relief, and the proof is no stronger than the petition. The motion for rehearing is

OVERRULED.

THE other judges concur.