W. T. GUIHER v. THOMAS HUFFMAN, ELIZABETH HUFFMAN, W. E. HUFFMAN AND S. G. HUFFMAN, Administrator of the Estate of GEORGE C. HUFFMAN, deceased, Appellees; BESSIE M. HUFFMAN, EVA B. HUFFMAN, VERA L. HUFFMAN, AND BEULAH HUFFMAN, Appellants.

**Mortgages:** HOMESTEAD EXEMPTION. Where an arrangement is made to borrow money with which to acquire a homestead, and thereafter a mortgage is given upon the property so acquired and that of another who becomes a surety for the debt, equity will require that the homestead of the principal debtor rather than that of the surety be first exhausted to satisfy the debt, notwithstanding the provision of Code, Section 2976.

*Appeal from Madison District Court.*— HON. JAMES D. GAMBLE, Judge.

TUESDAY, OCTOBER 23, 1906.

REHEARING DENIED, THURSDAY, DECEMBER 12, 1907.

IN April, 1899, the defendants Thomas Huffman and W. E. Huffman, and one George C. Huffman, now deceased, whose administrator is a party defendant, executed a promissory note for $2,000 to the German Savings Bank, secured by mortgage on three adjoining forty-acre tracts of land; the purpose being to secure the sum of $2,000 with which to pay the purchase price to the amount of $1,000 on each of two of said forty-acre tracts, conveyed by one Kale, the one to W. E. Huffman, defendant, and the other to George C. Huffman. Thomas Huffman joined in the note as surety only for W. E. Huffman and George C. Huffman, who were his sons; and the third forty-acre tract, which belonged to him, was included in the mortgage in order to furnish additional security. This note was subsequently assigned to plaintiff, who has instituted this action for the foreclosure of the mortgage. The defendants Bessie M. Huffman, Eva B. Huffman, Vera L. Huffman, and Beulah Huffman are the widow and children of George C. Huffman, deceased, and allege that the forty-acre tract conveyed to George C. Huffman and included in the mortgage became the homestead of George C. Huffman and his wife, Bessie Huffman, at the time of the conveyance, and they ask that said forty-acre tract be sold only for the deficiency remaining after exhausting all other property covered by the mortgage, while Thomas Huffman and his wife Elizabeth Huffman, who is also made a party defendant, ask that the forty-acre tract included in the mortgage belonging to Thomas Huffman be not resorted to for the satisfaction of the mortgage debt until the two forty-acre tracts conveyed to W. E. Huffman and George C. Huffman have been subjected to the satisfaction of such mortgage. The court entered judgment on the note against Thomas Huffman, W. E. Huffman, and the administrator of the estate of George C. Huffman, deceased, and established the lien of the judgment upon the mortgaged premises as of the date of the mortgage, and directed that the judgment be satisfied by selling: First, the

forty-acre tract conveyed to W. E. Huffman; second, the forty-acre tract conveyed to George C. Huffman; and, third, for any amount of the mortgage debt not thus satisfied, the forty-acre tract belonging to Thomas Huffman. From this decree the widow and children of George C. Huffman appeal.— *Affirmed.*

*W. S. Cooper,* for appellants.

*John A. Guiher,* for plaintiff, appellee, W. T. Guiher.

*Wilkenson, Smith & Wilkenson* and *Bell & Percival,* for defendants, appellees, Thomas Huffman and Elizabeth Huffman.

*Leo Percival,* for W. E. Huffman and S. G. Huffman, administrator of the estate of George C. Huffman, deceased, defendants, appellees.

McCLAIN, C. J.— From the foregoing statement it appears that the mortgage which is being foreclosed was given for the purpose of securing the payment of $2,000 borrowed money, with which two of the forties were purchased, the one being conveyed to W. E. Huffman, the other to George C. Huffman, and that the forty conveyed to George C. Huffman, who has since died, is claimed by his widow and heirs to be exempt from sale until the lien of the mortgage on the other two tracts has been exhausted; while it is claimed on behalf of Thomas Huffman that, as he was surety only for the borrowed money, and the forty-acre tract belonging to him was included in the mortgage only by way of additional security, his tract should not be sold until after the lien of the mortgage on the other two tracts has been exhausted. In short, the controversy is as to whether the homestead exemption is to be given preference over the right of Thomas Huffman as surety to have his forty-acre tract resorted to only after

the lien of the mortgage on the other two tracts, one of them being the homestead of the widow and heirs of George C. Huffman, has been applied to its satisfaction. Counsel for appellants rely upon the provisions of Code, section 2976, that the homestead shall be sold on execution for debts contracted prior to its acquisition only "to supply any deficiency remaining after exhausting the other property of the debtor liable to execution," and that it may be sold for debts created by written contract expressly stipulating that it is liable therefor " only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt; " his contention being that the homestead of George C. Huffman became liable only by reason of the mortgage, and that as the property of Thomas Huffman, the surety, was included in the same mortgage, such property of the surety must be first sold before the homestead can be taken. On the other hand, it is the contention of counsel for Thomas Huffman that under Code, section 3966, the court properly directed that the homestead of George C. Huffman, one of the principals, be subjected to the payment of the mortgage, before resort should be had to the property of the surety.

If the only question here were as between the homestead exemption and the right of a surety whose property had been included with the homestead in a mortgage to secure the payment of borrowed money, it seems that the homestead exemption would take precedence; the surety being presumed by entering into the contract to have assented to the provision of the statute exempting the homestead until the other property covered by the same mortgage has been exhausted. *Bockholt v. Kraft*, 78 Iowa, 661.

But it seems to us clear from the evidence that the note and mortgage were executed with the express understanding on the part of George C. Huffman that the proceeds should be used for the purchase of the two forties to be conveyed to him and his brother, and his indebtedness for the money

thus to be borrowed and used antedated the acquisition of the homestead. It is true that the mortgage was not in fact executed until after the conveyance to him by Kale was executed and filed for record. But the entire arrangement for the purchase from Kale was made by George C. Huffman and W. E. Huffman before the mortgage was given, and before George C. Huffman went into possession of his forty, and the execution of the mortgage was simply delayed while the title was being cleared up; $800 being raised on personal security and paid over to Kale in order to enable him to satisfy an outstanding mortgage. The indebtedness to Kale was contracted before the conveyances were made, and it was to raise money for the purpose of satisfying this indebtedness that the note and mortgage joined in by Thomas Huffman were executed. It is held, in *Johnson County Savings Bank v. Carroll,* 109 Iowa, 564, that one who lends money to the owner of a homestead on other security does not acquire a lien on the homestead in consequence of the money thus loaned being used to satisfy a purchase-money lien. But in that case it is expressly recited, and the decision is predicated upon the fact, that the loan was made without any agreement that the borrowed money should be used in extinguishing the indebtedness for the purchase price. The court say: " It is not enough to show that the borrowed money was used to pay for the homestead, but, in order to confer a right to a lien, it must also appear that it was a part of the contract that this should be done." In the present case the arrangement that $2,000 should be borrowed by W. E. Huffman and George C. Huffman to pay the purchase money for their two forties was made before the homestead was acquired, and it was for the purpose of assisting his two sons in securing the money with which to pay for their two forties that Thomas Huffman became a surety on the note and allowed his forty to be included in the mortgage.

The homestead is not exempt from execution under a

judgment for the purchase money thereof. *Campbell v. Ma-ginnis,* 70 Iowa, 589; *Bills v. Mason,* 42 Iowa, 329. If the purchase money had not been paid by George C. Huffman, his homestead could have been sold on execution under a judgment recovered by Kale against him for such purchase money. For the express purpose of providing money with which to discharge this purchase-money indebtedness, the note and mortgage to which Thomas Huffman became a party were executed. Under this state of facts, there cannot be the slightest doubt that the liability of the homestead for the satisfaction of this mortgage should be enforced before resort is had to the property of Thomas Huffman, pledged to secure the very money with which the purchase price was paid. The courts have found it necessary, in applying the homestead statute, to take into account equitable considerations in determining its applicability under circumstances not specifically indicated by the provisions of the statute itself. This was done in regard to the liability of the homestead for purchase money in the cases last above cited. And in *Dilger v. Palmer,* 60 Iowa, 117, the court in holding that, where a mortgage covering the homestead and other property of the same owner was foreclosed after the other property had been conveyed to a purchaser, the mortgage indebtedness should be satisfied out of the homestead before resorting to the other property, which had passed into the hands of such purchaser, took such equitable considerations into account, saying: " It is not possible to draft a general statute which will embrace all possible cases to which it may be said to have been intended to apply. It is the province of the courts, by construction, to so mould the statute, when it can be done without violence to the words employed, as to make it accord with justice and equity, with known and universally acknowledged principles, and embrace or omit from its operation cases not contemplated. It cannot be presumed that the General Assembly intended that the property of one person should constitute the primary

fund for the payment of another's debt. The statute undoubtedly was enacted for the benefit of the owner of the homestead, and, like other provisions of law, may be waived by him. But it was never enacted to enable him to perpetrate a fraud." So, in this case, in applying the conflicting provisions of Code, sections 2976, 3966, one of which makes no reference to the case of a surety, and the other evidently does not contemplate the homestead exemption, we are warranted in taking equitable considerations into account for the purpose of arriving at the presumed intention of the Legislature. It would certainly be most inequitable to require the surety to satisfy a debt incurred for the payment of the purchase price and relieve the homestead from such liability.

The judgment of the trial court is therefore *affirmed.*